UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JUL 12 2022 PM9:29
FILED-USDC-CT-HARTFORD

IN RE: JUNE 27, 2022 SEARCH WARRANT : MISC. DOCKET NO.

OF PREMISES AT 1040 BROAD STREET : 3:22-mc-0057-SALM

MERIDEN, CONNECTICUT : JULY 11, 2022

### MEMORANDUM IN SUPPORT OF PETITIONER RODRIGUEZ'S MOTION FOR RETURN OF SEIZED PROPERTY

**INTRODUCTION**

On or about June 28, 2022, the commercial building located at 1040 Broad Street in Meriden, Connecticut, was searched by task force agents of the Drug Enforcement Administration pursuant to a warrant duly signed by the Honorable Robert A. Richardson, United States Magistrate Judge. A copy of the warrant as executed is attached hereto as "Exhibit A." Said warrant did not distinguish between various businesses that investigators believed operated from said commercial building, nor does it identify Osvaldo Rodriguez or any other individual as subjects of the search warrant. In fact, the warrant does not authorize the search of any person nor the seizure of property from such person or persons. At the time officers executed the warrant at 1040 Broad Street, they seized a total of seven (7) cell phones. The petitioner asserts that while agents were searching the aforementioned commercial premises, two cell phones were purportedly seized from his person (identified as one Android smartphone and one Samsung cell phone) without probable cause and without the necessary authorization contained in said search warrant. Once taken by the officers, they remained in the government's possession and have not been returned. The petitioner asserts that seizure and retention of these devices violates the fourth amendment to the United States Constitution.

**ARGUMENT**

Petitioner has standing to challenge the search of his person and seizure of the two cellular phones, because "[t]he Court long has recognized that the Fourth Amendment's prohibition on unreasonable searches and seizures is applicable to commercial premises, as well as to private homes." *New York v. Burger*, 482 U.S. 691, 699 (1987). Since the petitioner asserts that he is the proprietor of one of the businesses located at the address he has standing to challenge the issuance

and execution of the warrant. *Katz v. United States*, 389 U.S. 347 (1967).

The search of Mr. Rodriguez's person and seizure of the identified cellular devices were not authorized by the warrant, and therefore lacked the particularity required under the Fourth Amendment. The Particularity Clause is as important to the Fourth Amendment as the necessity of probable cause, and therefore precludes searches that allow for "the seizure of one thing under a warrant describing another;" a principle consistent with the Fourth Amendment's prohibition against "[g]eneral warrants" authorizing "'exploratory rummaging in a person's belongings.'" *Marron v. United States*, 275 U.S. 192, 196 (1927); *Andersen v. Maryland*, 427 U.S. 463, 479 (1976), quoting *Coolidge v. New Hampshire*, 403 U.S. 443, 467 (1971).

Particularity has three components to ensure that "nothing is left to the discretion of the officer": "[(1)] a warrant must identify the specific offense for which the police have established probable cause[;] [(2)] a warrant must describe the place to be searched[;] [and (3)] the warrant must specify the items to be seized by their relation to designated crimes." *Marron*, 275 U.S. at 196; *United States v. Galpin*, 720 F.3d 436, 445-46 (2d Cir. 2013), citing *United States v. Bianco*, 998 F.2d 1112, 1116 (2d Cir. 1993); *United States v. George*, 975 F.2d 72, 76 (2d Cir. 1992); *United States v. Voustianiouk*, 685 F.3d 206, 211 (2d Cir. 2012); 2 W. LaFave, Search and Seizure § 4.6(a) (5th ed. 2012); *United States v. Williams,* 592 F.3d 511, 519 (4th Cir. 2010); *United States v. Buck*, 813 F.2d 588, 590–92 (2d Cir. 1987).

While the warrant at issue mentioned electronic devices including cellular phones in its description, it limited its scope to the place to be searched at 1040 Broad Street in Meriden as a "commercial business," and identified some of the multiple business signage located at the premises. It expressly precluded the search of any automobiles and did not mention any persons who happened to be present at the address at that time or were in possession of cell phones. The two devices that are the subject of this petition were not simply found somewhere in the building – they were seized from Mr. Rodriguez following a search of his person – and the warrant did not specify that any individuals at the premises could be subject to search. Thus, the requirement of particularity cannot be met where a warrant generally authorized police to search the entire premises, but makes no reference to exploratory searches of persons who happened to be present at the time.

Furthermore, the warrant clearly noted that multiple businesses operated out of this

2

commercial building, but made no effort to distinguish or identify which business the affiant's believed were connected to criminal activity. This further undermines the warrant's validity because "a search warrant directed against a multiple-occupancy structure," like the commercial building here, "will usually be held invalid if it fails to describe the particular subunit to be searched with sufficient definiteness to preclude a search thereunder of other units located in the larger structure and occupied by innocent persons"; because "[t]he general rule is that a warrant which describes an entire building as the place to be searched when probable cause exists for searching only one [] unit therein is void." 11 A.L.R.3d 1330, § 3[a] (1967); *United States v. Parmenter*, 531 F. Supp. 975, 978 (D. Mass. 1982), *citing United States v. Whitney*, 633 F.2d 902, 907 (9th Cir. 1980), *United States v. Votteller*, 544 F.2d 1355 (6th Cir. 1976); *United States v. Esters*, 336 F.Supp. 214, 218 (E.D. Mich. 1972); *United States v. Hinton*, 219 F.2d 324, 326 (7th Cir. 1955); *United States v. Diange*, 32 F.Supp. 994 (W.D.P.A. 1940); 11 A.L.R.3d 1330, 1333-39. This is a claim that the warrant was invalid because of overbreadth. "The search warrant here was limited to [one particular suite]; it could not be read reasonably to authorize the search of any other suite of offices in the building." *United States v. Muse*, 729 F.Supp 2d 905, 910 (E.D. Mich. 2010). *Cf. National City Trading Corp. v. United States*, 635 F.2d 1020 (2d Cir. 1980) (no demarcation within premises to identify existence of separate business entities, which were "commingled"; search of entire suite proper), *citing Steele v. United States*, 267 U.S. 498, 503 (1925).

      Likewise, the seizure of the two cellular phones was unconstitutional under *Ybarra v. Illinois*, 444 U.S. 85 (1979), where the Supreme Court held that a warrant based on probable cause to search premises did not extend to the search or seizure of persons. The Ybarra Court held that searches of persons "must be supported by probable cause *particularized with respect to that person* [which is a] . . . "requirement [that] cannot be undercut or avoided by simply pointing to the fact that coincidentally there exists probable cause… to search the premises where the person may happen to be"; because the Constitution "protect[s] the 'legitimate expectations of privacy' of persons, not places. *Id.* at 91 (emphasis added), *quoting Rakas v. Illinois*, 439 U.S. 128, 138–43, 148–49 (1978); *see also State v. Barefield*, 814 S.E.2d 250, 259 (W.V. 2018), *quoting Commonwealth v. Wilson*, 631 A.2d 1356, 1359 (Penn. Super. 1993) ("warrant authorizing a search of a building does not authorize a search of those present when the warrant is executed.").

While the search warrant affidavit and any supporting documents remain under seal and have not been disclosed by the government, that does not alter this analysis. As a general rule, "[t]he Fourth Amendment by its terms requires particularity in the warrant, not in the supporting documents," and neither petitioner nor his personal possessions were named in the warrant. *Groh v. Ramirez*, 540 U.S. 551, 557 (2004), citing *Massachusetts v. Sheppard*, 468 U.S. 981, 988 n.5 (1984) and *United States v. Stefonek*, 179 F.3d 1030, 1033 (7th Cir. 1999) (the "function" of a warrant "is not necessarily vindicated when some other document, somewhere, says something about the objects of the search"). Consequently, the warrant lacked the requisite particularity to justify the seizure of the two cell phones at issue in this petition.

The unauthorized seizure of the aforementioned cellular devices is of heightened concern, because "[a] cell phone is not just a "technological convenience," but in fact contains "the privacies of life." *Riley v. California*, 573 U.S. 373, 403 (2014). Thus, because "[m]odern cell phones, as a category, implicate privacy concerns far beyond those" implicated by mundane objects which do not possess "vast store[s] of sensitive information," the government has a heightened burden to overcome the expectation of privacy in such devices, and the only reasonable remedy is the immediate return of these cellular devices. *Id.* at 393; *Carpenter v. United States*, 138 S. Ct. 2206, 2214 (2018).

Therefore, since "a warrant to search a place cannot normally be construed to authorize a search of each individual in that place," *Ybarra*, 444 U.S. at 92 n.4 , then the failure of the warrant to authorize the search and seizure from individuals present at the location, plus its failure to distinguish between multiple businesses operating at the same location, undermines the validity of the warrant in violation of the fourth amendment.

## CONCLUSION

For the reasons set forth herein, Mr. Rodriguez petitions for the immediate return of the two identified cellular phones that were reportedly seized from his person by federal task force agents on June 28, 2022 and to prohibit any copying, accessing or attempts to acquire data therefrom.

THE PETITONER – OSVALDO RODRIGUEZ

By: _____
Jon L. Schoenhorn, Esq. (Fed Bar #ct00119)
Jon L. Schoenhorn & Associates, LLC
108 Oak Street
Hartford, CT 06106
T: (860) 278-3500
F: (860) 278-6393
E: casemanagement@schoenhorn.com
